IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:17-CR-56-1 |
| | ) | |
| JARVIS LAMONT PATE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The defendant-inmate, Jarvis Pate, filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Mr. Pate asserts that a sentence reduction to time served is appropriate based on wrongful application of the career offender enhancement, resulting in a disparity between his guideline range at the time of his sentencing and the guideline range he would receive if sentenced today. The motion will be denied.

### I. Background

#### A. Procedural History

In 2017, Mr. Pate pled guilty to distribution of heroin and possession of a firearm by a felon. Minute Entry 05/12/2017; Doc. 37. He was sentenced to 151 months for the drug crime and 120 months for the firearm crime, to run concurrently, followed by time on supervised release. Doc. 59 at 1–3. The sentences were upheld on appeal. Doc. 66; *United States v. Pate*, 719 F. App'x 302 (4th Cir. 2018) (per curiam) (unpublished).

In July 2020, Mr. Pate filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence for possession of a firearm by a felon based on *Rehaif v. United*

*States*, 139 S. Ct. 2191 (2019). *See* Doc. 71. The Court found that his motion was barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act. Doc. 76 at 2–5. His appeal, Doc. 77, is still pending.

In June 2022, Mr. Pate filed another § 2255 motion. Doc. 80. The Magistrate Judge recommended dismissal because the motion was an unauthorized second or successive filing, or, in the alternative, the motion failed to state a cognizable claim. *See* Doc. 82 at 1–3. Mr. Pate did not file any objections, and the Court adopted the Recommendation in September 2022. Doc. 84.

On October 11, 2022, Mr. Pate filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asking for a sentence reduction because he is erroneously classified as a career offender and because there is a disparity between the sentence he received and the sentence he would receive today. Doc. 85 at 1.

### B. Relevant Facts

Mr. Pate has a lengthy criminal history. In addition to various misdemeanors, he has been convicted of five counts of felony possession with intent to sell and deliver cocaine, Doc. 54 at ¶¶ 39–40, 49–50,[1] one count of felony possession with intent to manufacture/sell/deliver a Schedule I controlled substance, *id.* at ¶ 48, three counts of felony sell/deliver cocaine, *id.* at ¶¶ 49–50, and one count of voluntary manslaughter. *Id.* at ¶ 51. Mr. Pate received relatively short periods of imprisonment and probation for these crimes. *See id.* at ¶¶ 39–40, 48–51.

---

[1] The Court adopted the presentence investigation report, Doc. 54, without change. Doc. 60 at 1.

2

Despite these prior convictions and prison terms, Mr. Pate continued to sell drugs and possess firearms, including the underlying crimes here. In September 2016, a confidential informant bought heroin from Mr. Pate on multiple occasions. *Id.* at ¶ 9. While conducting a search, officers found heroin and marijuana in Mr. Pate's car, *id.* at ¶ 10, and methamphetamine, heroin, and hashish in two residences Mr. Pate used. *Id.* at ¶¶ 11–12. Officers also found a safe containing two handguns, ammunition, and over $5,000 in cash. *Id.* at ¶ 12. Mr. Pate was in possession of the key to the safe. *Id.*

In February 2017, a grand jury indicted Mr. Pate for nine drug and firearms offenses. *Id.* at ¶¶ 1–2; Doc. 1. In May 2017, pursuant to a plea agreement, Mr. Pate pled guilty to two of those crimes: distribution of heroin and possession of a firearm by a convicted felon. Minute Entry 05/12/2017; Doc. 37. In exchange for his guilty pleas, the government agreed not to oppose a motion to dismiss the remaining counts of the indictment. Doc. 37 at ¶ 5(b); Minute Entry 09/28/2017 (noting dismissal of seven counts at sentencing).

With the career offender enhancement, Mr. Pate's criminal history category was VI, Doc. 54 at ¶ 56, and his total offense level was 29, *id.* at ¶ 32, resulting in a guideline range of 151–188 months. *Id.* at 27; Doc. 60 at 1. Mr. Pate received a sentence at the low end of the guidelines range; the Court noted that the drug amounts were not large and concluded that a sentence at the low end was still long and was "sufficient to protect, punish, and deter." Doc. 60 at 4. But the Court also found that a downward variance was not appropriate in light of Mr. Pate's criminal history and his immediate return to criminal conduct after his state post-release supervision ended. *Id.*

3

Without the career offender enhancement, his criminal history category would have been V, Doc. 54 at ¶ 55, and his total offense level would have been 21. *See id.* at ¶ 28 (adjusted total of 24); *id.* at ¶¶ 30–31 (minus 3 points for acceptance of responsibility). Thus, his guideline range would have been 70–87 months.[2] *See* U.S.S.G. Ch. 5 Pt. A (sentencing table).

Mr. Pate has been in custody for some 75 months. *See* Doc. 54 at 1 (noting Mr. Pate has been in "state or federal custody for conduct related to the instant offense since October 20, 2016"). His current release date is October 27, 2027. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Jan. 23, 2023).

### C. The Current Motion

Mr. Pate asks for a sentence reduction to time served. Doc. 85 at 1. He contends that because of recent changes in case law, his previous convictions for drug-related crimes are no longer qualifying convictions so that he is erroneously classified as a career offender. *Id.* at 1, 9–10. He also contends that a sentence reduction is appropriate because this same change in the law has resulted in a "dramatic disparity between his sentence and the sentence he would receive for the same conduct today." *Id.* at 10.

## II. Discussion

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law

---

[2] Mr. Pate incorrectly asserts that without the career offender enhancement his criminal history category would have been III, resulting in a guideline range of 46–57 months. Doc. 85 at 3. Mr. Pate had a criminal history score of 10, which establishes a criminal history category of V. Doc. 54 at ¶ 55.

4

closely guards the finality of criminal sentences against judicial change of heart.") (cleaned up). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permits it to do so. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), often called the "compassionate release" provision, is one such statutory provision.

Section 3582(c)(1)(A) requires that extraordinary and compelling reasons merit a reduction in sentence, that the reduction is consistent with any applicable policy statements issued by the Sentencing Commission, and that the relevant § 3553(a) sentencing factors do not counsel against early release. *See United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020); *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). Even if the court finds extraordinary and compelling reasons support release, the court in its discretion may deny a defendant's motion after balancing the applicable § 3553(a) factors. *High*, 997 F.3d at 186.

### A. Extraordinary and Compelling Reasons

#### 1. Erroneous Guideline Calculation

The career offender enhancement was designed many years ago "to provide longer sentences for persons who are repeatedly convicted of violent or drug-related offenses under either federal or state law." *United States v. Ward*, 972 F.3d 364, 374 n.11 (4th Cir. 2020) (cleaned up). A defendant is a career offender if (1) he was at least eighteen years old at the time he committed the offense of conviction; (2) the offense of conviction is a felony "crime of violence" or a felony "controlled substance offense"; and (3) he has "at least two prior felony convictions of either a crime of violence or a controlled

5

substance offense." U.S.S.G. § 4B1.1(a). At sentencing, Mr. Pate had three qualifying predicates: felony voluntary manslaughter, felony possession with intent to sell and deliver cocaine, and felony sell/deliver cocaine. *See* Doc. 54 at ¶ 29.

At the time he was sentenced, no one questioned that Mr. Pate's prior drug-related offenses were felony controlled substance offenses under the guidelines. *See* Doc. 54 at 30; *see also* Doc. 64 at 4. In support of his argument that the law has changed, Mr. Pate cites *United States v. Campbell*, in which the Fourth Circuit held on direct appeal that the defendant's prior West Virginia conviction for "delivery of crack cocaine" was not a controlled substance offense and could not support a career offender enhancement. 22 F.4th 438, 441, 449 (4th Cir. 2022).[3]

To the extent Mr. Pate seeks a sentence reduction because of an error in the calculation of his guideline range, the motion will be denied. The compassionate release statute is not the appropriate mechanism to challenge an alleged guidelines error. Section "2255 is the exclusive method of collaterally attacking a federal conviction or sentence," and a defendant cannot use compassionate release "to sidestep" its requirements. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). Granting a compassionate release motion on this basis has "the practical effect of correcting a purportedly illegal sentence, a remedy that is exclusively within the province of § 2255." *Id.* at 272.

---

[3] While not mentioned by Mr. Pate, the Fourth Circuit reached a similar conclusion in *United States v. Locklear*, holding in an unpublished decision on direct appeal that a defendant's North Carolina conviction for "felony sale or delivery of a controlled substance within 300 feet of a school" was not a controlled substance offense. No. 19-4443, 2022 WL 2764421, at *2–3 (4th Cir. July 15, 2022) (per curiam) (unpublished).

6

The Court appreciates that any effort by Mr. Pate to have his sentence vacated under § 2255 based on this change in the law would almost certainly be unsuccessful. *See United States v. Foote*, 784 F.3d 931, 933–36, 944 (4th Cir. 2022) (holding that changes in career offender case law did not qualify as an "exceptional circumstance[] where the need for the remedy afforded by the writ of habeas corpus is apparent"); *see also* Doc. 37 at ¶ 5(d) (plea agreement with § 2255 limitations). But even though he may be "unable to obtain relief under § 2255" or may be "procedurally barred from filing a § 2255 motion," this does not qualify as an extraordinary and compelling reason for release. *Ferguson*, 55 F.4th at 271 (cleaned up) (noting "these restrictions are precisely why [defendants] cannot use § 3582(c)(1)(A) to avoid the exclusive remedy that § 2255 provides").

### 2. Sentencing Disparity

Mr. Pate also contends that this same purported change in the law as to what counts as a qualifying predicate offense for career offender purposes has resulted in a disparity between the sentence he received and the sentence he would receive today. Doc. 85 at 10. This is the kind of argument appropriate to consider in a motion for compassionate release. *See McCoy*, 981 F.3d at 274–75 (noting statutory changes in mandatory minimums that occur after sentencing and do not apply retroactively are an appropriate basis for a sentence reduction, when combined with other factors); *United States v. Owens*, No. 10-CR-60, 2022 WL 17821560, at *5 (W.D. Va. Dec. 20, 2022) ("Because [the defendant] is not challenging his original conviction and sentence, his motion for compassionate release [based on a change in case law on career offender

7

status] is not barred by the holding in *Ferguson*."); *see also United States v. Hernandez*, No. 15-CR-33, 2022 WL 17905070, at *3–4 (S.D.W. Va. Dec. 22, 2022) (granting compassionate release post-*Ferguson* because the defendant was no longer a career offender under current case law).

Here, however, it is not at all clear that Mr. Pate would not be a career offender. The Court appreciates the Fourth Circuit's analysis of the West Virginia statute in *Campbell*, but its reasoning does not apply to the very different North Carolina statutes constituting Mr. Pate's predicate offenses. In *Campbell*, the Fourth Circuit found that the "least culpable conduct criminalized by the West Virginia statute" at issue was "an attempt to deliver a controlled substance," 22 F.4th at 442, and then held that an attempted controlled substance offense did not qualify as a career offender predicate. *Id*. at 449.

But the North Carolina statute under which Mr. Pate was convicted does not include attempt. North Carolina provides a lower statutory maximum for attempted drug crimes and thus makes it clear that someone like Mr. Pate who is convicted of the Class H felony of possession with intent to sell or deliver cocaine, *see* N.C. Gen. Stat. § 90-95(b)(1), could not have been so convicted based on an attempt, which would be a Class I felony. *See* N.C. Gen. Stat. § 14-2.5 (providing that attempt "is punishable under the next lower classification as the offense which the offender attempted to commit"). Moreover, the crime of possession with intent to deliver "is complete upon possession, regardless of whether actual or attempted delivery takes place." *United States v.*

*Scotland*, No. 18-CR-49, 2022 WL 15489214, at *3 (E.D.N.C. Oct. 26, 2022)), *appeal filed*, No. 22-4630 (4th Cir. Nov. 4, 2022).

The Fourth Circuit's unpublished opinion in *Locklear* is both distinguishable and unpersuasive.[4] It did not deal with the same predicate offense at issue here, possession with intent to sell or deliver. *See United States v. Locklear*, No. 19-4443, 2022 WL 2764421, at *2 (4th Cir. 2022) (per curiam) (unpublished). Nor did it examine the North Carolina statutes in any detail, apparently because the government did not make any real effort to explain the differences between the North Carolina and West Virginia statutory schemes. And it did not recognize that in North Carolina attempts are, absent explicit provisions to the contrary, treated as different crimes with a shorter statutory maximum and a different felony classification than a completed crime.

In any event, the Court need not resolve this question, as the § 3553(a) factors do not support a sentence reduction, even if Mr. Pate has shown extraordinary and compelling reasons.

### B. Sentencing Factors

Given Mr. Pate's criminal history and high risk of recidivism, the need for adequate deterrence weighs against a time served sentence or a sentence reduction. At sentencing, the Court rejected a defense request for a downward variance, finding it was "not appropriate in light of [Mr. Pate's] immediate return to criminal conduct upon

---

[4] Unpublished decisions in the Fourth Circuit are not precedential and are generally entitled only to the weight of its persuasive reasoning. *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 219 (4th Cir. 2006).

conclusion of state post release supervision and his prior criminal record." Doc. 60 at 4; *see* Doc. 64 at 11–12. Whether Mr. Pate is technically a career offender or not, he is unquestionably a repeat offender with a long history of drug-related crimes, firearm offenses, and assaults. *See* discussion *infra* at pages 2–3. A long sentence is appropriate and necessary to deter Mr. Pate from committing future crimes.

A sentence reduction would not protect the public. Mr. Pate has a history of selling drugs and engaging in violent behavior. *See* Doc. 54 at 1 (crimes of conviction for distribution of heroin and possession of a firearm by a felon); *id.* at ¶¶ 39–40, 48–50 (multiple felony drug offenses); *id.* at ¶ 43 (assault on a female); *id.* at ¶ 44 (felony felonious restraint); *id.* at ¶ 51 (felony voluntary manslaughter). He also has a history of violating the terms of his probation or post-release supervision. *See id.* at ¶ 39 (positive drug tests, failing to report, and absconding); *id.* at ¶ 40 (absconding), *id.* at ¶ 44 (noting 90 days house arrest and 19–23 months imprisonment for probation violations). Despite his myriad of prior convictions, he illegally possessed three handguns, *id.* at ¶ 12, and even though he was unemployed at the time of these crimes, *see id.* at ¶ 73 (showing he was terminated from his last job in June 2016), *id.* at ¶ 9 (showing drug sales in September 2016), he had $5,700 in cash in a safe. *Id.* at ¶ 12.

A sentence reduction would not promote respect for the law. Mr. Pate began illegally selling drugs and possessing firearms within weeks of the conclusion of his post-release supervision. As part of a plea agreement, the government agreed to dismiss seven of the nine counts against him. *See id.* at ¶ 3; Minute Entry 09/28/2017 (noting dismissal of the seven counts at sentencing). These included a charge which would have

required a mandatory minimum consecutive sentence. Doc. 54 at ¶ 79. A sentence reduction undermines both legitimate and serious interests in the finality of sentences, *see Goodwyn*, 596 F.3d at 235, and the expectations of the parties at the time they were each evaluating whether a trial was a more appropriate choice than a plea bargain. *See United States v. Bond*, 56 F. 4th 381, 384–85 (4th Cir. 2023) (noting that considering the parties' plea agreement can be an appropriate consideration in evaluating § 3582(c)(1)(A) motions).

Lastly, even if Mr. Pate had not received the career offender enhancement and his guideline range was lower, it is far from certain and highly unlikely that he would have received a sentence within that lower guideline range. The guidelines then, as now, are non-binding and advisory only. *See United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). At sentencing, the Court examined the nature and circumstances of the offense and his criminal history and determined that a long sentence was necessary "to protect, punish, and deter." Doc. 60 at 4; *see also* Doc. 64 at 12. A sentence within the guideline range without the career offender enhancement was no longer than his last prison sentence. *See* Doc. 54 at ¶ 51 (sentence of 77 to 102 months). The Court has no reverse crystal ball to see into a hypothetical past, but had Mr. Pate not been a career offender, an upward variance would have been highly likely.

The Court appreciates that Mr. Pate has taken advantage of educational opportunities while in custody, Doc. 85-1 at 14, and that he has received credit for good conduct. *Id.* at 6. But these efforts do not outweigh his record, the danger he presents to the public, and the need to reflect respect for the law. His motion will be denied.

11

Case 1:17-cr-00056-CCE   Document 88   Filed 01/23/23   Page 11 of 12

It is **ORDERED** that:

1. The defendant's motion for compassionate release, Doc. 85, is **DENIED**.

2. The defendant's motion for status, Doc. 87, is **DENIED as moot.**

This the 23rd day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE